# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| REBECCA SAVEAL,<br><br>*Plaintiff,*<br><br>v.<br><br>THE KROGER CO; KROGER TEXAS L.P; and DOES 1-10<br><br>*Defendants.* | CASE NO.<br><br>COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND TEXAS LABOR CODE § 21.055<br><br>JURY TRIAL DEMAND |

NOW COMES the Plaintiff Rebecca Saveal, by and through her attorneys, The Law Office of Keith Altman, and for her Complaint against the Defendants in this civil action states the following:

## BACKGROUND

1. Plaintiff Rebecca Saveal was employed as a pharmacy technician by Defendant Kroger Pharmacy from approximately December 2017 until on or about July 24, 2018. Plaintiff was pregnant when she was hired by Defendant. Throughout her employment, she was subjected to work conditions that are inhospitable to pregnant women. As a result of this discrimination, Plaintiff suffered a miscarriage in March of 2018. Plaintiff also witnessed widespread

illegal and unethical behavior on the part of Defendants' employees. Plaintiff repeatedly attempted to report their misconduct, and, in retaliation, Defendants wrongfully terminated her employment.

## PARTIES

2. Plaintiff Rebecca Saveal was employed as a pharmacy technician by Defendant from approximately December 2017 until on or about July 24, 2018. At all times pertinent to this action, Plaintiff was a United States citizen and was domiciled within the State of Texas.

3. Defendant The Kroger Co. ("Defendant Kroger Co.") is a corporation incorporated under the laws of the State of Ohio and headquartered in Cincinnati, Ohio, which operates a nationwide grocery and pharmacy chain.

4. Defendant Kroger Texas L.P. ("Defendant Kroger Texas") is a limited partnership incorporated under the laws of the State of Ohio and headquartered in Cincinnati, Ohio. On information and belief, Defendant Kroger Texas L.P. is a subdivision of Defendant Kroger Co., which operates a grocery and pharmacy chain within the State of Texas.

5. At all times pertinent to this action, Plaintiff was employed

at the Kroger Pharmacy, Store 547 located at 3205 W. Main Street in Frisco, Texas 75034 ("Pharmacy"). This location was owned and operated by both Defendant Kroger Co. and Defendant Kroger Texas.

6. DOES 1-10 ("Doe Defendants") are individuals who were employed by Defendant Kroger Co. and Defendant Kroger Texas and worked at the Pharmacy during the period of Plaintiff's employment. The names and job titles of the Doe Defendants are currently unknown.

## JURISDICTION AND VENUE

7. This is an action for damages against Defendants, brought pursuant to Title VII of the Civil Rights Act of 1964 and Texas Labor Code § 21.055.

8. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. § 1331.

9. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claim for negligence. This is because this state law claim is so closely related to the federal question claim that it forms the same case or controversy under Article III of the United State Constitution.

10. This Court properly exercises personal jurisdiction over Defendant Kroger Co. on the grounds that at all times relevant to this action, it conducted business at 3205 W. Main Street in Frisco, Texas 75034, which is within the Eastern District of Texas.

11. This Court properly exercises personal jurisdiction over Defendant Kroger Texas on the grounds that at all times relevant to this action, conducted business at 3205 W. Main Street in Frisco, Texas 75034, which is within the Eastern District of Texas.

12. This Court properly exercises personal jurisdiction over Doe Defendants on the grounds that, at all times relevant to this action, their unlawful actions were undertaken at 3205 W. Main Street in Frisco, Texas 75034, which is within the Eastern District of Texas.

13. Venue is appropriate in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) and based on the situs of the events relevant to this action, which occurred in the City of Frisco within the State of Texas, a municipality which is located within the Northern District of Texas.

## STATEMENT OF FACTS

14. Beginning in December of 2017, Plaintiff was employed as a Pharmacy technician by Defendant Kroger Co. and Defendant

Kroger Texas. Plaintiff worked at the Kroger Pharmacy located at 3205 W. Main Street in Frisco, Texas 75034,

15. Plaintiff was pregnant at the time she began working for Defendant Kroger Co. and Defendant Kroger Texas.

16. From the beginning of her employment, Plaintiff's pregnancy was constantly weaponized against her. Doe Defendants made frequent hostile remarks to Plaintiff regarding her pregnancy. Plaintiff was also constantly threatened with termination for any perceived transgression by Doe Defendants.

17. Because Plaintiff was pregnant as well as a single mother to a disabled child, Plaintiff did not feel that she could afford to lose her employment with Defendant Kroger Co. and Defendant Kroger Texas. Therefore, Plaintiff was forced to endure a hostile and discriminatory work environment without recourse.

18. During her employment at the Pharmacy, Plaintiff was forced to undertake activities that were unsafe for pregnant women. Plaintiff was forced to be in contact with and handle medications that are known to pose a risk of miscarriage in pregnant women.

19. Plaintiff was also given the flu vaccine by Doe Defendants without her permission.

20. In March of 2018, Plaintiff suffered a miscarriage in the bathroom of her workplace. This miscarriage was the result of the immense stress placed on Plaintiff through Defendant Kroger Co. and Defendant Kroger Texas's work environment as well as being subjected to Defendants' unsafe workplace practices.

21. During her employment, Plaintiff became aware of widespread instances of unethical and illegal behavior on the part of Doe Defendants.

22. On numerous occasions, Plaintiff witnessed Doe Defendants taking expired medications out of one bottle and putting it into different bottles. These expired medications were given to customers and presented as if they were not expired.

23. Plaintiff also witnessed numerous instances of insurance fraud by Doe Defendants. Doe Defendants would charge pharmacy customers for their medicines then surreptitiously bill the customers' insurance companies to essentially collect double payment for one medicine.

24. These unethical and illegal actions were undertaken for the purpose of boosting profits for the Pharmacy.

25. Plaintiff repeatedly attempted to report the wrongdoing she witnessed by filing reports through an internal ethics reporting

system called EthicsPoint.

26. After Plaintiff began filing EthicsPoint complaints, Doe Defendants attempted to have Plaintiff transferred to a different store. Plaintiff refused all such transfers and continued reporting all ethical violations that she witnessed.

27. On or about July 24, 2018, Doe Defendants fired Plaintiff as a response to Plaintiff's consistent complaints about ethical violations.

28. On May 7, 2019, Plaintiff filed a charge of employment discrimination against Defendants through the United States Equal Employment Opportunity Commission (EEOC). (EEOC Number: 450-2019-03867)

29. On August 17, 2021, Plaintiff received a right to sue letter from the EEOC.

## **Respondaet Superior**

30. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

31. Under federal and Texas law, an employer is vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

32. The wrongful acts and omissions by Doe Defendants relevant to this action were undertaken within the scope of their employment with Defendant Kroger Co. and Defendant Kroger Texas.

33. The wrongful acts and omissions by Doe Defendants are therefore imputed to Defendant Kroger Co. and Defendant Kroger Texas.

## COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION ON THE BAISIS OF SEX)
### (Against All Defendants)

34. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

35. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination on the basis of sex.

36. Plaintiff was pregnant at the time she was hired by Defendant Kroger Co. and Defendant Kroger Texas. Doe Defendants were aware that Plaintiff was pregnant at the time she was hired. By logical extension, Doe Defendants were also aware that Plaintiff was a woman. Therefore, Plaintiff is a member of a protected class for purposes of Title VII.

37. Doe Defendants created a hostile work environment for Plaintiff on the basis of Plaintiff's sex through the following actions:

   a. Making frequent hostile remarks toward Plaintiff regarding her pregnancy and threatening Plaintiff with termination for any perceived transgression.

   b. Forcing Plaintiff to directly handle medications known to pose a significant risk of miscarriage when brought into contact with pregnant women.

   c. Subjecting Plaintiff to a high degree of stress such that, in combination with the unsafe work environment, lead to Plaintiff suffering a miscarriage in the restroom of her workplace.

38. Defendants subjected Plaintiff to a work environment that was so inhospitable for pregnant women that Plaintiff suffered a miscarriage as a result. In doing so Defendants discriminated against Plaintiff on the basis of Plaintiff's sex.

39. Male employees were not subjected to the hardships faced by Plaintiff. As a woman, Plaintiff was uniquely susceptible to discrimination inflicted upon her by Defendants on the basis of Plaintiff being a pregnant woman.

40. Due Defendants' conduct, Plaintiff, suffered the

following injuries and damages:

    a. Severe emotional distress including, but not limited to, fright, shock, indignity, humiliation, outrage, indignity, and embarrassment of being wrongfully subjected to sex-based discrimination.

    b. Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms.

    c. Other damages which may be revealed through discovery.

41. By filing an EEOC claim and receiving a right to sue letter, Plaintiff has exhausted her administrative remedies related to her claims.

## COUNT II

### VIOLATION OF TEXAS LABOR CODE § 21.055
### UNLAWFUL EMPLOYMENT RETALIATION
### (Against All Defendants)

42. Plaintiff incorporates herein all the prior allegations.

43. During her employment with Defendant Kroger Co. and Defendant Kroger Texas, Plaintiff witnessed the following illegal and unethical acts perpetrated by Doe Defendants:

    a. Numerous times, Plaintiff witnessed Doe Defendants taking expired medications out of their bottles and putting them into different bottles. These expired medications were given to customers and presented as if they were not expired.

    b. Plaintiff witnessed numerous instances of insurance fraud whereby Doe Defendants. Doe Defendants would charge pharmacy customers for their medicines then surreptitiously bill the customers' insurance companies to essentially collect double payment for one medicine.

44. Plaintiff repeatedly attempted to report Doe Defendants' wrongdoing through an internal ethics reporting system called EthicsPoint.

45. Plaintiff was fully entitled to report any wrongdoing through EthicsPoint. Thus, this reporting constitutes a protected action.

46. In direct response to Plaintiff's protected action, Doe Defendants first tried to have Plaintiff transferred to a different store. When Plaintiff refused to be transferred, Doe Defendants then terminated Plaintiff as a direct consequence of Plaintiff's protected action in reporting wrongdoing.

47. Due to the conduct of Defendants, Plaintiff suffered the following injuries and damages:

    a. Severe emotional distress of knowing that Defendants continue to negatively influence her career prospects.

    b. Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms.

    c. Fright, shock, indignity, humiliation, outrage, indignity, and embarrassment of being wrongfully subjected to this wrongful termination.

    d. Loss of employment opportunity, past income, and future earning capacity.

    e. Other damages which may be revealed through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief against Defendants:

    a. Full and fair compensatory damages in an amount to be determined by a jury.

    b. Punitive damages in an amount to be determined by a jury.

    c. Reasonable attorney's fees and costs of this action.

    d. Any such other relief as appears just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 11, 2021      Respectfully Submitted,

                                      /s/Keith Altman
                                      Keith Altman, Esq.
                                      The Law Office of Keith Altman
                                      33228 West 12 Mile Road - Suite 375
                                      Farmington Hills, Michigan 48334
                                      Telephone: (248) 987-8929
                                      keithaltman@kaltmanlaw.com
                                      *Attorney for Plaintiff Rebecca Saveal*
                                      *(Pro Hac Vice to Be Applied For)*

# EXHIBIT A

EEOC Form 161-B (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Rebecca A. Saveal<br>704 Westgate Ct<br>Anna, TX 75409 | **From:** Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2019-03867 | Yolanda Brown,<br>Investigator | (972) 918-3634 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Belinda F. McCallister,<br>District Director**

August 17, 2021<br>*(Date Issued)*

cc:    **Heath Hill, Associate Relations Manager<br>Kroger<br>751 Freeport Parkway<br>Coppell, TX 75019**

**Keith Altman, Attorney<br>The Law Office of Keith Altman<br>33228 West 12 Mile Road, Ste. 375<br>Farmington Hills, MI 48334**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*