# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| REBECCA SAVEAL, | § § | |
| **Plaintiff** | § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-02822-L |
| THE KROGER CO; KROGER TEXAS L.P; and DOES 1-10, | § § § § | |
| **Defendant** | § | |

## KROGER TEXAS L.P.'S ORIGINAL ANSWER

Defendant, Kroger Texas L.P. (referred to herein as "Kroger" or "Defendant"), submits its Original Answer to Plaintiff's Original Complaint ("Complaint") and would respectfully show the court as follows:

## I.
## ANSWER

### BACKGROUND

1. Kroger admits Plaintiff was employed as a pharmacy technician from December 2017 to July 24, 2018. Kroger further admits Plaintiff made complaints during her employment. Except as specifically admitted, Defendant denies the allegations in Paragraph 1.

### PARTIES

2. Kroger admits it employed Plaintiff as a pharmacy technician from December 2017 to July 24, 2018. Kroger lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's residence and citizenship and therefore denies them. Except as specifically admitted, Kroger denies the allegations in Paragraph 2.

3. Kroger admits "The Kroger Co." is a corporation incorporated under the laws of the State of Ohio and headquartered in Cincinnati, Ohio, which operates a grocery and pharmacy chain. Except as specifically admitted, Kroger denies the allegations in Paragraph 3.

4. Kroger admits Kroger Texas L.P. is a limited partnership and admits it operates a grocery and pharmacy chain within the State of Texas. Except as specifically admitted, Kroger denies the allegations in Paragraph 4.

5. Kroger admits that Plaintiff was employed at the Kroger Pharmacy, Store 547 located at 3205 W. Main Street in Frisco, Texas 75034, which is operated by Kroger. Except as specifically admitted, Kroger denies the allegations in Paragraph 5.

6. Kroger lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and, therefore, denies them.

## JURISDICTION AND VENUE

7. Kroger admits Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 and Texas Labor Code § 21.055, but denies it violated any law or committed any wrongdoing whatsoever.

8. Kroger admits this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

9. Kroger denies Plaintiff has alleged a claim for negligence, and, therefore, denies the allegations in Paragraph 9.

10. Kroger denies the allegations in Paragraph 10.

11. Kroger admits it conducted business at 3205 W. Main Street in Frisco, Texas 75034 and admits this Court has personal jurisdiction. Except as specifically admitted, Kroger denies the allegations in Paragraph 11.

12. Kroger lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and, therefore, denies them.

13. Kroger admits venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the purported acts or omissions giving rise to Plaintiffs' claims are alleged to have occurred in Frisco, Texas, which is located within the Northern District of Texas. Except as specifically admitted, Kroger denies the allegations in Paragraph 13. Answering further, Kroger denies that it has violated any law or committed in any wrongdoing whatsoever.

### STATEMENT OF FACTS

14. Kroger admits it employed Plaintiff beginning in December of 2017 as a Pharmacy technician at the Kroger Pharmacy located at 3205 W. Main Street in Frisco, Texas 75034. Except as specifically admitted, Kroger denies the allegations in Paragraph 14.

15. Kroger lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and, therefore, denies them

16. Kroger denies the allegations in Paragraph 16.

17. Kroger denies Plaintiff's allegation that she "was forced to endure a hostile and discriminatory work environment without recourse." Kroger lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 and, therefore, denies them.

18. Kroger denies the allegations in Paragraph 18.

19. Kroger denies the allegations in Paragraph 19.

20. Kroger denies it subjected Plaintiff to any unsafe work environment and denies that it caused Plaintiff to suffer a miscarriage because of "the immense stressed placed on her." Kroger lacks sufficient knowledge or information to admit or deny the remaining allegations in

Paragraph 20 and, therefore, denies them.

21. Kroger denies the allegations in Paragraph 21.

22. Kroger denies the allegations in Paragraph 22.

23. Kroger denies the allegations in Paragraph 23.

24. Kroger denies the allegations in Paragraph 24.

25. Kroger admits that Plaintiff filed complaints through Kroger's internal ethics reporting system called EthicsPoint. Except as specifically admitted, Kroger denies the allegations in Paragraph 25.

26. Kroger denies the allegations in Paragraph 26.

27. Kroger admits Plaintiff was terminated on or about July 24, 2018. Except as specifically admitted, Kroger denies the allegations in Paragraph 27.

28. Kroger admits that on May 7, 2019, Plaintiff filed an EEOC charge of discrimination (Charge Number: 450-2019-03867) against "Kroger Pharmacy." Except as specifically admitted, Kroger denies the allegations in Paragraph 28.

29. Kroger lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 and therefore denies them.

## Respondeat Superior

30. Kroger incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 30.

31. To the extent Paragraph 31 contains factual allegations, Kroger denies it has violated any law or committed in any wrongdoing whatsoever.

32. Kroger denies the allegations in Paragraph 32.

33. Kroger denies the allegations in Paragraph 33.

## COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION ON THE BAISIS [sic] OF SEX) (Against all Defendants)

34. Kroger incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 34.

35. To the extent Paragraph 35 contains factual allegations, Kroger denies it has violated any law or committed in any wrongdoing whatsoever.

36. Kroger admits Plaintiff is a woman and a member of a protected class for purposes of Title VII. Except as specifically admitted, Kroger denies the allegations in Paragraph 36.

37. Kroger denies the allegations in Paragraph 37, including those allegations asserted in subsections (a)-(c).

38. Kroger denies the allegations in Paragraph 38.

39. Kroger denies the allegations in Paragraph 39.

40. Kroger denies the allegations in Paragraph 40 and denies Plaintiff is entitled to any of the relief requested, including that alleged in subparts (a)-(c).

41. Kroger denies the allegations in Paragraph 41.

## COUNT II
### VIOLATION OF TEXAS LABOR CODE § 21.055
### UNLAWFUL EMPLOYMENT RETALIATION
### (Against all Defendants)

42. Kroger incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 42.

43. Kroger denies the allegations in Paragraph 43, including the allegations in subparts (a)-(b).

44. Kroger admits Plaintiff utilized Kroger's internal ethics reporting system called EthicsPoint. Except as specifically admitted, Kroger denies the allegations in Paragraph 44.

45. Kroger admits Plaintiff was entitled to report any perceived wrongdoing through EthicsPoint. Except as specifically admitted, Kroger denies the allegations in Paragraph 45.

46. Kroger denies the allegations in Paragraph 46.

47. Kroger denies the allegations in Paragraph 47 and denies Plaintiff is entitled to any of the relief requested, including that alleged in subparts (a)-(e).

## II.
## AFFIRMATIVE DEFENSES

Kroger hereby sets forth below its affirmative defenses to Plaintiff's Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden or burdens of proof not otherwise assigned to it by law.

### FIRST DEFENSE

Plaintiff was an at-will employee, as that term is defined in the common law of Texas, and could be terminated at any time for any reason.

### SECOND DEFENSE

Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injuries.

### THIRD DEFENSE

At all times pertinent to this case Kroger maintained and enforced a nondiscrimination and anti-retaliation policy. Kroger has at all times acted in good faith in its dealings with Plaintiff, made good faith efforts to ensure that Plaintiff was not discriminated and/or retaliated

against based on any illegal or impermissible factor, and has not intentionally or willfully discriminated or retaliated against Plaintiff or breached any duty it had toward Plaintiff in violation of any federal or state statute or common law principle and, therefore, is not liable for damages.

### THIRD DEFENSE

Kroger exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior.

### FOURTH DEFENSE

All decisions made by Kroger that affected Plaintiff were made for legitimate business reasons of a non-discriminatory and non-retaliatory nature and without malice or conscious disregard for their rights under federal or state law.

### FIFTH DEFENSE

Plaintiff failed to mitigate her damages, and, therefore, her claim for lost wages or back pay and/or future wages or front pay should be denied, or in the alternative, reduced.

### SIXTH DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands, estoppel, and/or after-acquired evidence by reason of Plaintiff's conduct and actions.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims or allegations may be barred to the extent Plaintiff failed to comply with the applicable statutes of limitations and to the extent she has failed to timely satisfy and exhaust all applicable administrative remedies, prerequisites, or conditions precedent.

## RESERVATION OF DEFENSES

In addition to the foregoing affirmative defenses, Plaintiff's claim may be subject to one or more of the remaining affirmative defenses provided in Rule 8(c) of the Federal Rules of Civil Procedure. Kroger hereby affirmatively reserves the right to add such defenses to Plaintiff's claims upon completion of discovery.

### III.
### CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, Kroger respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Plaintiff take nothing in this lawsuit, and that Kroger be awarded whatever relief to which it may show itself justly entitled, including, but not limited to, the recovery of attorneys' fees and costs for the defense of this litigation.

Respectfully submitted,

*/s/ David L. Barron*
David L. Barron
Texas Bar No. 00798051
Nandini K. Sane
Texas Bar No. 24086821
**COZEN O'CONNOR, P.C.**
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile: (832) 214-3905
**ATTORNEYS FOR DEFENDANTS**

Kendall Kelly Hayden
Texas Bar No. 24046197
Of Counsel
Cozen O'Connor, P.C.
1717 Main Street, Suite 3400
Dallas, TX 75201
Telephone: (214) 462-3000
Facsimile: (214) 462-3299

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ***Kroger Texas L.P.'s Original Answer*** has been forwarded to all counsel of record in this cause via ECF notification system on this March 15, 2022:

                              */s/ David L. Barron*
                              David L. Barron

56478825\2