**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| REBECCA SAVEAL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 3:21-cv-02822-L** |
| THE KROGER CO; KROGER | § | |
| TEXAS L.P; and DOES 1-10, | § | |
| | § | |
| Defendant | § | |
| | § | |

**THE KROGER CO.'S ORIGINAL ANSWER**

Defendant The Kroger Co. (referred to herein as "The Kroger Co." or "Defendant"), submits its Original Answer to Plaintiff's Original Complaint ("Complaint") and would respectfully show the court as follows:

**I.**
**ANSWER**

**BACKGROUND**

1.      The Kroger Co. denies the allegations in Paragraph 1, including the allegation that it employed Plaintiff. Answering further, The Kroger Co. denies it violated any law or committed any wrongdoing whatsoever.

**PARTIES**

2.      The Kroger Co. denies it employed Plaintiff. The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 and, therefore, denies them.

3.      The Kroger Co. admits it is a corporation incorporated under the laws of the State of Ohio and headquartered in Cincinnati, Ohio, which operates a grocery and pharmacy chain. Except as specifically admitted, The Kroger Co. denies the allegations in Paragraph 3.

4.      The Kroger Co. admits Kroger Texas L.P. is a limited partnership and admits it operates a grocery and pharmacy chain within the State of Texas. Except as specifically admitted, The Kroger Co. denies the allegations in Paragraph 4.

5.      The Kroger Co. denies it employed Plaintiff. The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies them.

6.      The Kroger Co. denies it employed Plaintiff. The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 and, therefore, denies them.

## JURISDICTION AND VENUE

7.      The Kroger Co. admits Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 and Texas Labor Code § 21.055, but denies it violated any law or committed any wrongdoing whatsoever.

8.      The Kroger Co. admits this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

9.      The Kroger Co. denies Plaintiff has alleged a claim for negligence, and therefore denies the allegations in Paragraph 9.

10.     The Kroger Co. denies the allegations in Paragraph 10.

11.     The Kroger Co. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and therefore denies them.

12.     The Kroger Co. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies them.

13.     The Kroger Co. admits venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the purported acts or omissions giving rise to Plaintiffs' claims are alleged to have

occurred in Frisco, Texas, which is located within the Northern District of Texas.  Except as specifically admitted, The Kroger Co. denies it employed Plaintiff and denies the allegations in Paragraph 13.  Answering further, The Kroger Co. denies that it has violated any law or committed in any wrongdoing whatsoever.

## STATEMENT OF FACTS

14.    The Kroger Co. denies it employed Plaintiff.  The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 and, therefore, denies them.

15.    The Kroger Co. denies it employed Plaintiff. The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15 and, therefore, denies them.

16.    The Kroger Co. denies the allegations in Paragraph 16.

17.    The Kroger Co. denies it employed and denies Plaintiff's allegation that she "was forced to endure a hostile and discriminatory work environment without recourse." The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 and, therefore, denies them.

18.    The Kroger Co. denies the allegations in Paragraph 18.

19.    The Kroger Co. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and, therefore, denies them.

20.    The Kroger Co. denies it employed Plaintiff and denies it subjected Plaintiff to any unsafe work environment. The Kroger Co. further denies that it caused Plaintiff to suffer a miscarriage because of "the immense stressed placed on her." The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 20 and,

therefore, denies them.

21.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 21.

22.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 22.

23.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 23.

24.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 24.

25.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 25.

26.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 26.

27.    The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 27.

28.    The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28 and, therefore, denies them.

29.    The Kroger Co. lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 and, therefore, denies them.

## **Respondeat Superior**

30.    The Kroger Co. incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 30.

31.    To the extent Paragraph 31 contains factual allegations, The Kroger Co. denies it has violated any law or committed in any wrongdoing whatsoever.

32.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 32.

33.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 33.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(DISCRIMINATION ON THE BAISIS [sic] OF SEX) (Against all Defendants)**

34.     The Kroger Co. incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 34.

35.     To the extent Paragraph 35 contains factual allegations, The Kroger Co. denies it has violated any law or committed in any wrongdoing whatsoever.

36.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 36.

37.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 37.

38.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 38.

39.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 39.

40.     The Kroger Co. denies the allegations in Paragraph 40 and denies Plaintiff is entitled to any of the relief requested, including that alleged in subparts (a)-(c).

41.     The Kroger Co. denies the allegations in Paragraph 41.

**COUNT II**
**VIOLATION OF TEXAS LABOR CODE § 21.055**
**UNLAWFUL EMPLOYMENT RETALIATION**
**(Against all Defendants)**

42.     The Kroger Co. incorporates its answers to the paragraphs above as if fully set forth in its answer to Paragraph 42.

43.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 43.

44.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 44.

45.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 45.

46.     The Kroger Co. denies it employed Plaintiff and denies the remaining allegations in Paragraph 46.

47.     The Kroger Co. denies the allegations in Paragraph 47 and denies Plaintiff is entitled to any of the relief requested, including that alleged in subparts (a)-(e).

**II.**
**AFFIRMATIVE DEFENSES**

The Kroger Co. hereby sets forth below its affirmative defenses to Plaintiff's Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden or burdens of proof not otherwise assigned to it by law.

**FIRST DEFENSE**

The Kroger Co. is not liable under Title VII or the Texas Labor Code because Plaintiff was not an employee of The Kroger Co.

## SECOND DEFENSE

Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injuries.

## THIRD DEFENSE

All actions made by The Kroger Co. were made in good faith, and were at all times motivated by legitimate business considerations, which were essential and necessary to the operation of Defendant's business; and these actions were not, solely or in part, based upon any unlawful consideration or otherwise the result of any unlawful motive.

## FOURTH DEFENSE

Some or all of Plaintiff's claims or allegations may be barred to the extent Plaintiff failed to comply with the applicable statutes of limitations and to the extent she has failed to timely satisfy and exhaust all applicable administrative remedies, prerequisites, or conditions precedent.

## FIFTH DEFENSE

All decisions made by Kroger that affected Plaintiff were made for legitimate business reasons of a non-discriminatory and non-retaliatory nature and without malice or conscious disregard for their rights under federal or state law.

## SIXTH DEFENSE

Plaintiff failed to mitigate her damages, and, therefore, her claim for lost wages or back pay and/or future wages or front pay should be denied, or in the alternative, reduced.

## SEVENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands, estoppel, and/or after-acquired evidence by reason of Plaintiff's conduct and actions.

### EIGHTH DEFENSE

To the extent The Kroger Co. is found to be Plaintiff's employer, which it denies, The Kroger Co. affirmatively pleads Plaintiff was an at-will employee and that Plaintiff's claims are barred, in whole or in part, because it exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior.

### RESERVATION OF DEFENSES

In addition to the foregoing affirmative defenses, Plaintiff's claim may be subject to one or more of the remaining affirmative defenses provided in Rule 8(c) of the Federal Rules of Civil Procedure. The Kroger Co. hereby affirmatively reserves the right to add such defenses to Plaintiff's claims upon completion of discovery.

### III.
### CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, The Kroger Co. respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Plaintiff take nothing in this lawsuit, and that The Kroger Co. be awarded whatever relief to which it may show itself justly entitled, including, but not limited to, the recovery of attorney's fees and costs for the defense of this litigation.

Respectfully submitted,

*/s/ David L. Barron*
David L. Barron
Texas Bar No. 00798051
Nandini K. Sane
Texas Bar No. 24086821
**COZEN O'CONNOR, P.C.**
LyondellBasell Tower
1221 McKinney, Suite 2900

Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile:  (832) 214-3905

**ATTORNEYS FOR DEFENDANTS**

Kendall Kelly Hayden
Texas Bar No. 24046197
Of Counsel
Cozen O'Connor, P.C.
1717 Main Street, Suite 3400
Dallas, TX 75201
(214) 462-3000
(214) 462-3299

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***The Kroger Co.'s Original Answer*** has been forwarded to all counsel of record in this cause via ECF notification system on this March 15, 2022:


*/s/ David L. Barron*
David L. Barron

56850009\2