IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA SAVEAL,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO; KROGER TEXAS L.P; and DOES 1-10,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:21-cv-02822-L<br>§<br>§<br>§<br>§<br>§ |

**JOINT DISCOVERY CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1.** **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

 Counsel conferred over the phone on June 1, 2022 to develop this plan. Participating Counsel:

 Jermaine Watson and Matthew Alagha for Plaintiff Rebecca Saveal

 Nandini Sane for Defendants The Kroger Co. and Kroger Texas L.P.

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

 None.

**3.** **Briefly describe what this case is about.**

 Plaintiff alleges sex discrimination by Defendants under Title VII of the Civil Rights Act of 1964 and Unlawful Employment Retaliation by Defendants under Texas Labor Code § 21.055 based upon Defendants mistreatment of Plaintiff during her employment at the Kroger Pharmacy located at 3205 W. Main Street in Frisco, Texas 75034, and Defendants' unethical and illegal behavior observed by Plaintiff during her employment at the Kroger Pharmacy.

 Defendants deny Plaintiff's allegations in their entirety, and Defendants state they did not discriminate or retaliate against Plaintiff in any way. Defendants further deny that Plaintiff is entitled to any of the damages or relief that she seeks.

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is suing under Title VII.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Each party shall serve initial disclosures by June 15, 2022.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery.**

       The parties believe that discovery will be needed on the issues of liability and damages and that there are no unusual limitations, phases or accommodations that will be necessary for the discovery process. The parties have not identified any electronic discovery issues at this time and will continue to discuss as the case progresses.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Plaintiff anticipates serving interrogatories to Defendant prior to the scheduled discovery cut-off date, consistent with the Federal Rules of Civil Procedure.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

       Defendants anticipate serving interrogatories to Plaintiff prior to the scheduled discovery cut-off date, consistent with the Federal Rules of Civil Procedure.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of Defendants' corporate representatives, Kroger Pharmacy employees that worked with Plaintiff and during the same time period as Plaintiff, and any other witnesses with knowledge of relevant facts who may be identified during the discovery period. Plaintiff anticipates taking these depositions prior to the scheduled discovery deadline.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral deposition of Plaintiff first, prior to any other oral depositions, as well as the depositions of other fact witnesses who may be identified during the course of discovery.  Defendants anticipate taking these depositions prior to the scheduled discovery deadline.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate her experts and provide expert reports required by Rule 26(a)(2)(B) by December 13, 2022.

Defendants will designate their responsive experts and provide expert reports by January 17, 2023.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of Defendants' experts prior to the scheduled discovery period cut-off date, and in accordance with any scheduling order issued by the Court.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendants anticipates taking the depositions of Plaintiff's experts prior to the scheduled discovery cut-off date, and in accordance with any scheduling order issued by the Court.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    March 31, 2023.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff and Defendants will discuss the possibility of a prompt settlement and will explore the possibility of settlement after initial discovery is conducted.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    Plaintiff and Defendants will discuss the possibility of settlement and what information each party requires to discuss settlement.  The parties contemplate the possibility of engaging in settlement discussions once initial discovery has been obtained.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties may be amenable to mediation if, after the completion of initial discovery, it appears that mediation would assist in bringing about a mutually acceptable resolution.

17. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before the Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff included a jury demand in her Original Complaint.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties estimate that it will take 40 hours to present the evidence in his case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed her Certificate of Interested Persons on November 12, 2021 and Defendants filed their Certificate of Interested Persons on March 15, 2022.

24. **List the names, bar numbers, addresses, telephone and fax numbers of all counsel.**

| | |
|---|---|
| M. Jermaine Watson<br>State Bar No. 24063055<br>Matthew Alagha<br>State Bar No. 24094502<br>CANTEY HANGER LLP<br>600 West 6th Street,<br>Suite 300<br>Fort Worth, Texas 76102<br>Phone: 817-877-2800<br>Fax: 817-877-2807<br>Email: jwatson@canteyhanger.com<br><br>**ATTORNEYS FOR PLAINTIFF** | David L. Barron<br>Texas Bar No. 00798051<br>Nandini K. Sane<br>Texas Bar No. 24086821<br>LyondellBasell Tower<br>Cozen O'Connor, P.C.<br>1221 McKinney, Suite 2900<br>Houston, Texas 77010<br>Telephone: (713) 750-3132<br>Facsimile: (832) 214-3905<br><br>Kendall Kelly Hayden<br>Texas Bar No. 24046197<br>Of Counsel<br>Cozen O'Connor, P.C.<br>1717 Main Street, Suite 3400<br>Dallas, TX 75201<br>Telephone: (214) 462-3000<br>Facsimile: (214) 462-3299<br><br>**ATTORNEYS FOR DEFENDANTS** |

Respectfully submitted:

| | |
|---|---|
| */s/ Matthew Alagha* | */s/ Nandini K. Sane* |
| M. Jermaine Watson | David L. Barron |
| State Bar No. 24063055 | Texas Bar No. 00798051 |
| Matthew Alagha | Nandini K. Sane |
| State Bar No. 24094502 | Texas Bar No. 24086821 |
| CANTEY HANGER LLP | LyondellBasell Tower |
| 600 West 6th Street, | Cozen O'Connor, P.C. |
| Suite 300 | 1221 McKinney, Suite 2900 |
| Fort Worth, Texas 76102 | Houston, Texas 77010 |
| Phone: 817-877-2800 | Telephone: (713) 750-3132 |
| Fax: 817-877-2807 | Facsimile: (832) 214-3905 |
| Email: jwatson@canteyhanger.com | |
| Attorneys for Plaintiff | Kendall Kelly Hayden |
| | Texas Bar No. 24046197 |
| | Of Counsel |
| | Cozen O'Connor, P.C. |
| | 1717 Main Street, Suite 3400 |
| | Dallas, TX 75201 |
| | Telephone: (214) 462-3000 |
| | Facsimile: (214) 462-3299 |
| | |
| | Attorneys for Defendants |

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 15, 2022, I filed the foregoing document via the Court's CM/ECF electronic filing system, which will automatically send notice to all counsel of record.

                                  */s/Matthew Alagha*
                                  Matthew Alagha