IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **REBECCA SAVEAL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-02822-L** |
| § | |
| **THE KROGER CO; KROGER TEXAS** § | |
| **L.P., and DOES 1-10,** § | |
| § | |
| Defendants. § | |

## **ORDER**

On November 12, 2021, Plaintiff Rebecca Saveal filed this action in this federal court alleging employment discrimination under Title VII and Texas Labor Code § 21.055 by Defendants Kroger Texas L.P., The Kroger Co., and ten Doe Defendants. Doc. 1. At that time, Plaintiff had counsel but now is proceeding pro se. In the Complaint, Plaintiff states that "[a]t all times pertinent to this action, Plaintiff was employed at the Kroger Pharmacy, Store 547 located at 3205 W. Main Street in Frisco, Texas 75034." *Id.* at 2-3. For the reasons that follow, the court *sua sponte* determines that this case should be transferred to the Eastern District of Texas pursuant to the jurisdiction and venue statute of Title VII and 28 U.S.C. § 1406(a), or alternatively, pursuant to 28 U.S.C. § 1404(a) as the more convenient forum.

As an initial matter, district courts have "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citation omitted). Though neither party has sought a transfer of venue, the court may nevertheless transfer of venue *sua sponte* under both Sections 1404 and 1406. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *see also Jarvis Christian College v. Exxon*

*Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to § 1404(a)).

For claims brought under Title VII, like Plaintiff's claims here, that statute provides that an action alleging discrimination:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(2) (West, current through P.L. 117-177). When a case is filed in the wrong district or division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, the court determines that Plaintiff's claim could have been brought in the Eastern District of Texas because the allegedly illegal actions occurred in Frisco, Texas, which lies within that district. As indicated on the record before the court, Plaintiff and the Kroger Defendants acknowledge that all events or omissions giving rise to Plaintiff's claims occurred at the Kroger Pharmacy, located at 3205 W. Main Street in Frisco, Texas 75034. *See* Doc. 1, 13, 14. Both Kroger Defendants confirm in their respective Answers (Docs. 13, 14) that they are corporations "incorporated under the laws of the State of Ohio and headquartered in Cincinnati, Ohio." *See* Docs. 13, 14. Further, Plaintiff states that the Doe Defendants worked at the Kroger Pharmacy with Plaintiff. Doc. 1 at 4.

Frisco, Texas is located within Denton and Collin counties, which are both within the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). Venue in the

Sherman Division of the Eastern District of Texas is thus appropriate under Title VII's jurisdiction and venue statute because the allegedly illegal employment acts occurred there. *See* 42 U.S.C. § 2000e-5(f)(2). The Dallas Division of the Northern District of Texas has no connection to where the alleged acts occurred or where the Defendants have their principal office. Thus, after considering these venue standards for actions taken pursuant to Title VII, the court determines that the Eastern District of Texas is the appropriate venue for this matter, and that this case should be transferred, in the interest of justice, to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a).

Alternatively, the court determines that transfer is necessary under § 1404(a) because the Plaintiff has failed to show that the Dallas Division of the Northern District of Texas is the clearly more convenient forum. Section 1404(a) provides that a cause may transferred, "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under the "broad discretion" enjoyed by the district court in determining whether transfer is appropriate, courts consider: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also In re Volkswagen of Am., Inc.*, 545 F.3d at 311.

As noted above, Plaintiff, who "was domiciled within the State of Texas," alleges the allegedly illegal acts occurred while employed at the Kroger Pharmacy located at 3205 W. Main Street, Frisco, Texas, and provides that the Pharmacy is within the Eastern District of Texas. Doc. 2-3. Both Kroger Defendants agree that the Pharmacy is located within the Eastern District of Texas. *See* Docs. 13, 14. Because the alleged acts or omissions occurred in Frisco, Texas, the court, applying the factors above, determines that the Eastern District is the clearly more convenient forum to obtain evidence; secure the attendance of both the Doe Defendants and potential witnesses who worked at the Kroger Pharmacy in Frisco, Texas; reduce travel costs; and generally effectuate an expeditious and inexpensive trial. Further, Plaintiff has not shown that she is a resident of the Dallas Division of the Northern District; rather, Plaintiff maintains a P.O. Box in Blue Ridge, Texas, which is located within Collin County, one of the Eastern District of Texas counties. *See* 28 U.S.C. § 124(c)(3). Further, there is no indication that such a transfer will inconvenience or legally prejudice either Plaintiff or Defendants. Finally, although the court *sua sponte* decides to transfer this action, nothing in the record indicates that the Northern District of Texas, Dallas Division, is a clearly more convenient forum to try this action. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

For these reasons, the court therefore *sua sponte* **transfers** this case, pursuant to 42 U.S.C. § 2000e-5(f)(2) and 28 U.S.C. § 1406(a), or alternatively, under 28 U.S.C. § 1404(a), to the Sherman Division of the Eastern District of Texas. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 7th day of October, 2022.

Sam A. Lindsay
United States District Judge